**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**LORNE ST. CHRISTOPHER**                                                **PLAINTIFF**

**v.**                               **Case No. 5:12-cv-00058-KGB**

**UNION PACIFIC RAILROAD COMPANY**                          **DEFENDANT**

**PROTECTIVE ORDER**

Before the Court is plaintiff's motion to compel (Dkt. No. 57).  This motion to compel comes before the Court as to administration and testing manuals used by Dr. Souheaver in evaluating plaintiff; raw data, testing materials, handwritten notes, and tests used by Dr. Souheaver in reaching conclusions about plaintiff; test booklets, if any, used by Dr. Souheaver in the neuropsychological evaluation of plaintiff; and the computer printout P-3 interpretive report, if any, relied upon by Dr. Souheaver as part of plaintiff's examination (collectively referred to as the "Protected Materials").  The Court finds as follows:  If the Protected Materials exist and have not been previously produced, they shall be produced at the deposition of Dr. Souheaver.

Defendant requests that plaintiff produce handwritten notes, any other file materials, and the three manuals cited in Dr. Richard Frederick's report, including:  (1) Ben-Porath, Y.S. & Tellegen, A. (2011).  *MMPI2-RF: Manual for administration, scoring, and interpretation.* Minneapolis: University of Minneapolis Press; (2) Green, R.L. (2011). *The MMPI-2/MMPI-2-RF: An interpretive manual*, (3rd ed.) Boston:  Allyn & Bacon; and (3) Palmer,  A., Borras, C., Perez-Pareja, J., Sese, A., & Vilarino, M. (2013).  *Are patients with chronic pain and fibromyalgia correctly classified by MMPI-2 validity scales*?  The European Journal of Psychology Applied to Legal Context, 5, 107.  The Court finds that these materials will be produced within five days of this order.

Plaintiff's counsel has agreed to a protective order consistent with the terms stated in his brief, including the statement of Pearson Assessments.  The Court is aware of the issues created by releasing the Protected Materials to those not professionally qualified to obtain them.  Therefore, the following provisions will apply to the Protected Materials:

1.      Plaintiff, his counsel, defendant, defense counsel, or anyone on their behalf will not copy the Protected Materials.  This includes any hard copy, scanned image, or other means of reproducing the document.  The Protected Materials will only be shown to the named parties, attorneys for the named parties in this case, persons regularly employed in the attorneys' office, or to medical or psychological experts specifically retained or offering testimony in this case, for use solely in the preparation or trial of this cause.

2.      All Protected Materials will be returned to the respective expert at the conclusion of this case.  Within 30 days of the conclusion of this case or any appeals, plaintiff's counsel and defense counsel will execute and file an affidavit confirming that each has complied with this Protective Order and that the Protected Materials have been returned.

3.      The Protected Materials or testimony about them will not be made publicly available as part of the record of this case or in any deposition.  All depositions and testimony at trial concerning the Protected Materials will be under seal.  Disclosure may be made to court reporters engaged for depositions solely for purposes of completing the deposition in an orderly manner.  The Court reporter for any deposition concerning the Protected Materials will be advised of this order and will execute an affidavit before the deposition that includes the following language:

> I certify that I have read the Protective Order dated May 27, 2014, in the case entitled *Lorne St. Christopher v. Union Pacific Railroad Company*, Case No. 5:12-CV-0058 KGB, in the United States District Court for the Eastern District of Arkansas.  Before reviewing or receiving access to the contents of any of the

Protected Materials and as a condition for such review or access, I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Protective Order.  I subject myself to the jurisdiction and venue of said Court for purposes of enforcement of the Order.

4.      Prior to disclosure of the Protected Materials to persons listed in paragraph 1, counsel will ensure that each recipient executes an affidavit that contains the language contained within paragraph 3.

5.      Within 3 days of execution of an affidavit to whom Protected Materials are to be disclosed, the respective counsel will serve the affidavit on opposing counsel.

6.      Pleadings, orders, and other documents filed by the parties which refer to or discuss the content of the materials listed above will be filed under seal.

7.      The party requesting a copy of materials will pay all copying expenses.

IT IS SO ORDERED this 27th day of May, 2014.


Kristine G. Baker
UNITED STATES DISTRICT JUDGE